1

2

3

4

5

6

7                              **UNITED STATES DISTRICT COURT**

8                                    EASTERN DISTRICT OF CALIFORNIA

9
    MICHAEL LENOIR SMITH,                         CASE NO. 1:09-cv-00600-AWI-DLB PC
10
                              Plaintiff,           ORDER DISMISSING CERTAIN CLAIMS
11                                                 WITHOUT PREJUDICE
          v.
12                                                 FINDINGS AND RECOMMENDATIONS
    GREEN, et al.,                                 RECOMMENDING DISMISSAL OF
13                                                 CERTAIN CLAIMS AND DEFENDANTS
                              Defendants.
14                                                 (Doc. 13)

15                                                 OBJECTIONS, IF ANY, DUE WITHIN 30
                                          /        DAYS
16

17                               **Findings and Recommendations**

18  **I.     Background**

19          **A.      Procedural History**

20          Plaintiff Michael Lenoir Smith ("Plaintiff') is a prisoner in the custody of the California

21  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

22  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

23  action by filing his complaint on April 3, 2009.  On October 15, 2009, the Court dismissed

24  Plaintiff's complaint with leave to amend for failure to state any cognizable claims.  On

25  November 3, 2009, Plaintiff filed his amended complaint.

26          **B.      Screening Requirement**

27          The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

                                                 1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

3  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

4  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

5  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

6  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

7  1915(e)(2)(B)(ii).

8         A complaint must contain "a short and plain statement of the claim showing that the

9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

12  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

13  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949

14  (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

15  conclusions are not.  *Id.* at 1949.

16  **II.    Summary of Amended Complaint**

17         Plaintiff was previously incarcerated at Pleasant Valley State Prison ("PVSP") where the

18  events giving rise to this action occurred.  Plaintiff names as defendants: sergeant Green, sergeant

19  Navarro, correctional officer T. Lee, appeals coordinator H. Martinez, correctional officer

20  Hopkins, and correctional officer Cerda, Jr.

21         **A.    Federal Rule of Civil Procedure 18(a)**

22         Plaintiff has two claims: (1) allegations against Defendants Green, Navarro, T. Lee, and

23  H. Martinez regarding a rules violation report and confinement to quarters, and (2) Defendants

24  Hopkins and Cerda, Jr. for actions taken during a transport.  These actions are distinct, and would

25  violate the purpose of Federal Rule of Civil Procedure 18(a).  "The controlling principle appears

26  in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim,

27  cross-claim, or third-party claim, may join, either as independent or as alternate claims, as

28  claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple

1   claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

2   unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3   The purpose of splitting such claims into different actions is to avoid the morass that a multiple

4   claim, multiple defendant will cause, and to ensure that prisoners pay the required filing fees

5   pursuant to the PLRA.  *Id.*

6         Here, Plaintiff's allegations against Defendants Green, Navarro, T. Lee and H. Martinez

7   are distinct and unrelated from his claims against Defendants Hopkins and Cerda, Jr.  This

8   violates Rule 18(a).  Accordingly, Plaintiff's claims against Defendants Hopkins and Cerda Jr.

9   are dismissed from this action without prejudice to filing in a separate action.  The Court now

10  turns to Plaintiff's claims against Defendants Green, Navarro, T. Lee, and H. Martinez.

11        **B.      Claims Against Green, Navarro, T. Lee, and H. Martinez**

12        Plaintiff contends that he was placed on confinement to quarters ("CTQ") by defendant

13  Navaro due to a bogus allegation made by Defendant T. Lee.  (Doc. 13, Am. Compl. p. 3.)[1]  All

14  inmates in the unit had been placed on lockdown because a note threatening to assault medical

15  staff had been found.  (*Id.*)  Plaintiff was singled out, even though he did not write the note,

16  because he is a known inmate litigator.  (*Id.*)  Plaintiff was prohibited from visits, outdoor and

17  indoor recreation, use of the law library, work assignment, telephone calls, and other privileges

18  typically received by inmates.  (*Id.* at 4-5.)  Plaintiff received a CDC 115 serious Rules Violation

19  Report ("RVR") for inciting, and was taken to a disciplinary hearing before Defendant Green.

20  (*Id.* at 5.)  Plaintiff contended to Defendant Green that prior to be CTQ'd for three days, Plaintiff

21  should have received the protections of due process listed in *Wolff v. McDonell*. (*Id.* at 5-6.)

22  Defendant Green found Plaintiff guilty and instituted a sentence of 30 days loss of outdoor

23  recreation.  (*Id.* at 6.)  Plaintiff appealed the decision, but the appeal was screened out by

24  Defendant Martinez, for reasons that "are outside of the rejection criteria detailed in the CCR §

25  3084.4(c)(1)-(8)." (*Id.*)

26        Plaintiff seeks monetary damages.

27

28        [1]  All references to page numbers refer to the court docket's page numbering.

3

1  **III.**    <u>**Analysis**</u>

2       **A.**      **First Amendment Retaliation**

3       Plaintiff contends that he was made an example of when he was placed on CTQ and

4  found guilty of a RVR for inciting because he is a litigator.  Allegations of retaliation against a

5  prisoner's First Amendment rights to speech or to petition the government may support a § 1983

6  claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v.*

7  *Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

8  "Within the prison context, a viable claim of First Amendment retaliation entails five basic

9  elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

10 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

11 exercise of his First Amendment rights, and (5) the action did not reasonably advance a

12 legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

13      Plaintiff's allegations are sufficient to state a cognizable retaliation claim against

14 Defendants Navarro, Green, and T. Lee.

15      **B.**      **Eighth Amendment**

16      The Eighth Amendment protects prisoners from inhumane methods of punishment and

17 from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

18 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

19 only those deprivations denying the minimal civilized measure of life's necessities are

20 sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

21 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim

22 for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a

23 claim that prison officials knew of and disregarded a substantial risk of serious harm to the

24 plaintiff.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970 (1994); *Frost v. Agnos*,

25 152 F.3d 1124, 1128 (9th Cir. 1998).

26 ///

27 ///

28 ///

1                              **1.    Confinement To Quarters**

2         Plaintiff contends that confinement to quarters is cruel and unusual punishment.  Three

3   days of no outdoor or indoor recreation is insufficient to demonstrate cruel and unusual

4   punishment in violation of the Eighth Amendment.  *See May v. Baldwin*, 109 F.3d 557, 565 (9th

5   Cir. 1997) (finding "a temporary denial of outdoor exercise with no medical effects is not a

6   substantial deprivation").  Deprivation of work does not violate the Eighth Amendment.

7   *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982).

8                              **2.    Loss of Yard Privileges**

9         Under some circumstances, the denial of outdoor exercise may rise to the level of cruel

10  and unusual punishment.  *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995).  However, the right

11  to outdoor exercise is not absolute or unyielding to other considerations.  *Norwood v. Vance*, 572

12  F.3d 626, 631-32 (9th Cir. 2009).  Whether the denial of outdoor exercise constitutes a

13  constitutional violation is dependent upon the circumstances leading to the denial.  *Id.*

14  "Although exercise is one of the basic human necessities protected by the Eighth Amendment, a

15  temporary denial of outdoor exercise with no medical effects is not a substantial deprivation."

16  *Id.* at 633 (internal quotations and citations omitted).

17        Here, Plaintiff alleges that he was assessed a thirty day loss of yard privileges following

18  the finding of guilt on a rules violation report and thus deprived of outdoor recreation. However,

19  Plaintiff has not alleged any facts showing that a one month restriction on outdoor activities was

20  a substantial deprivation, or that any defendant knew of and disregarded an excessive risk of

21  harm to him.  Plaintiff fails to state a claim for relief for violation of the Eighth Amendment

22  relating to the deprivation of outdoor recreation.

23  **C.    Due Process**

24        The Due Process Clause protects against the deprivation of liberty without due process of

25  law.  *Wilkinson v. Austin*, 545 U. S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to invoke

26  the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty

27  interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due Process

28  Clause itself or from state law.  *Id.*  The Due Process Clause itself does not confer on inmates a

                                        5

1  liberty interest in avoiding "more adverse conditions of confinement." *Id.*  Under state law, the

2  existence of a liberty interest created by prison regulations is determined by focusing on the

3  nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S. Ct. 2293 (1995).

4  Liberty interests created by state law are "generally limited to freedom from restraint which . . .

5  imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

6  prison life." *Id.* at 484; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

7                    **1.       Confinement to Quarters**

8          Plaintiff argues that pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974), due process

9  requires a hearing before any punishment is imposed upon a prison inmate by prison staff.

10  Plaintiff contends that the imposition of a confinement to quarters restriction violated due

11  process because Plaintiff was not afforded a hearing.  Plaintiff is not entitled to procedural due

12  process protections in a vacuum.  In order to be entitled under federal law to any procedural due

13  process protections, Plaintiff must first have a liberty interest at stake.  Plaintiff has alleged no

14  facts that establish the existence of a liberty interest in remaining free from confinement in his

15  quarters. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process

16  claim fails because he has no liberty interest in freedom from state action taken within sentence

17  imposed and administrative segregation falls within the terms of confinement ordinarily

18  contemplated by a sentence) (quotations omitted); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

19  2000) (plaintiff's placement and retention in the SHU was within range of confinement normally

20  expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no

21  protected liberty interest in being free from confinement in the SHU) (quotations omitted).

22          Plaintiff's allegations that he was confined to his cell for three days is not an atypical and

23  significant deprivation giving rise to a liberty interest. *See Sandin*, 515 U.S. at 483-84.  Plaintiff

24  thus fails to state a due process claim.

25                    **2.       Disciplinary Hearing**

26          Plaintiff alleges he was found guilty of disciplinary rules violation report by Defendant

27  Green.  It is unclear whether Plaintiff is alleging a separate due process violation against

28  Defendant Green based on procedural deficiencies with the hearing.  To the extent that Plaintiff

1  is pursuing such a claim, Plaintiff again fails to allege any liberty interest that would invoke due

2  process concerns. There is no liberty interest in avoiding more adverse conditions of

3  confinement, and a thirty day loss of outdoor yard privileges does not establish the existence of a

4  liberty interest.  Plaintiff fails to state a viable claim for violation of due process.[2]

5      **D.      Inmate Appeals**

6          Plaintiff alleges that Defendant Martinez violated due process by improperly screening

7  out Plaintiff's grievance.  "[A prison] grievance procedure is a procedural right only, it does not

8  confer any substantive right upon the inmates."  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.

9  1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v.*

10 *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because

11 no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.

12 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*,

13 855 F.2d 639, 640 (9th Cir. 1988).  Defendant Martinez's actions in screening out Plaintiff's

14 appeal does not give rise to any claims for relief under section 1983.  Plaintiff's claim fails as a

15 matter of law.

16 **III.   Conclusion**

17          Based on the foregoing, the Court DISMISSES Plaintiff's claims against Defendants

18 Hopkins and Cerda, Jr. without prejudice, for failure to comply with Rule 18(a) of the Federal

19 Rules of Civil Procedure.

20          The Court HEREBY RECOMMENDS the following:

21      1)      This action proceed against Defendants Green, Navarro, and T. Lee for retaliation

22              in violation of the First Amendment;

23      2)      Plaintiff's Eighth Amendment and due process claims are dismissed for failure to

24              state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

25

26          [2] Plaintiff contended to Defendant Green that if Plaintiff was found guilty during a disciplinary hearing,
   that would constitute Double Jeopardy in violation of the Fifth Amendment.  This argument is without merit.  Prison
27 disciplinary proceedings are not part of a criminal prosecution, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and
   therefore do not implicate double jeopardy, *see Breed v. Jones*, (finding application of the double jeopardy clause
28 limited to proceedings which are "essentially criminal").

1    3)      Defendant Martinez is dismissed from this action.

2          These Findings and Recommendations will be submitted to the United States District

3    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

4    **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may

5    file written objections with the Court.  The document should be captioned "Objections to

6    Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file

7    objections within the specified time may waive the right to appeal the District Court's order.

8    *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9          IT IS SO ORDERED.

10        **Dated:** __**May 11, 2010**__              _____/s/ **Dennis L. Beck**_____

                                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28