# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH,

               Plaintiff,

   v.

GREEN, et al.,

               Defendants.

_____/

CASE NO. 1:09-CV-00600-AWI-DLB PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DEFENDANTS'
MOTION TO DISMISS BE GRANTED

(DOC. 26)

OBJECTIONS, IF ANY, DUE WITHIN
TWENTY-ONE DAYS

### Findings And Recommendations

**I.**    **Background**

       Plaintiff Michael Lenoir Smith ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed November 3, 2009, against Defendants Green, T. Lee, and Navarro for retaliation in violation of the First Amendment. Pending before the Court is Defendants' motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies. Defs.' Mot. Dismiss, Doc. 26. Plaintiff did not file an opposition. The matter is submitted pursuant to Local Rule 230(l).

**II.**    **Summary Of Amended Complaint**

       At all times relevant to this action, Plaintiff was confined at Pleasant Valley Stat Prison. The incident in question occurred December 8, 2007. Plaintiff contends that he was placed on

1

1   confinement to quarters ("CTQ") by Defendant Navaro due to a bogus allegation made by

2   Defendant T. Lee. Am. Compl. 3.  All inmates in the unit had been placed on lockdown because

3   a note threatening to assault medical staff had been found. *Id.*  Plaintiff was singled out, even

4   though he did not write the note, because he is a known inmate litigator.  *Id.*  Plaintiff was

5   prohibited from visits, outdoor and indoor recreation, use of the law library, work assignment,

6   telephone calls, and other privileges typically received by inmates.  *Id.* at 4-5.  Plaintiff received a

7   CDC 115 serious Rules Violation Report ("RVR") for inciting, and was taken to a disciplinary

8   hearing before Defendant Green.  *Id.* at 5. Plaintiff contended to Defendant Green that prior to

9   being CTQ'd for three days, Plaintiff should have received the protections of due process listed

10  in *Wolff v. McDonnell*.  *Id.* at 5-6. Defendant Green found Plaintiff guilty and instituted a

11  sentence of 30 days loss of outdoor recreation.  *Id.* at 6.  Plaintiff requests as relief monetary

12  damages.

13  **III.    Exhaustion Of Administrative Remedies**

14      **A.    Legal Standard**

15      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

16  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

17  confined in any jail, prison, or other correctional facility until such administrative remedies as are

18  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

19  administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*

20  *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required

21  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

22  *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

23  prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

24      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

25  defense under which defendants have the burden of raising and proving the absence of

26  exhaustion.  *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119.  The failure to exhaust nonjudicial

27  administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b)

28  motion, rather than a summary judgment motion.   *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l*

1   *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)).  In

2   deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

3   beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes

4   that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal

5   without prejudice.  *Id.*

6       **B.    Discussion**

7       The CDCR has an administrative grievance system for prisoner complaints.  Cal. Code

8   Regs. tit. 15, § 3084.1 (2010).  The process is initiated by submitting a CDC Form 602.  *Id.* §

9   3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level,

10  second formal level, and third formal level, also known as the "Director's Level."  *Id.* § 3084.5.

11  Appeals must be submitted within fifteen working days of the event being appealed, and the

12  process is initiated by submission of the appeal to the informal level, or in some circumstances,

13  the first formal level.  *Id.* §§ 3084.5, 3084.6(c).  In order to satisfy § 1997e(a), California state

14  prisoners are required to use this process to exhaust their claims prior to filing suit.  *Woodford v.*

15  *Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always*

16  require pursuit of an appeal through the Director's Level of Review.  What is required to satisfy

17  exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the

18  appeal.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening

19  inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224

20  (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits);

21  *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not

22  required).

23      Defendants contend that Plaintiff failed to follow administrative rules regarding his

24  inmate grievance, and thus failed to exhaust his administrative remedies.  The only grievance in

25  question was allegedly submitted on December 30, 2007.  Though Defendants do not include the

26  original grievance, they do include the response to Plaintiff's grievance, submitted by J. Morgan,

27  current appeals coordinator at PVSP.  J. Morgan Decl. ¶ 6; Ex. B, Screen Out Letter, dated

28  January 7, 2008.  Plaintiff's grievance was screened out because it attempted to appeal both a

3

staff complaint and a disciplinary issue. *Id.* Pursuant to Administrative Bulletin 05-03, which was in effect at the time Plaintiff's grievance was submitted, inmate grievances concerning staff complaints cannot be combined with other issues, because staff complaints are addressed by other departments at the prison. J. Morgan Decl. ¶ 6; Ex. C, Administrative Bulletin 05-03. Plaintiff was informed how to correct this error, namely by separate his issues into different grievances. Defendants also contend that Plaintiff did not file any other grievances related to the alleged claims in this action. Defs.' Mem. P. & A. 6:12-23. Plaintiff has presented no opposition to Defendants' motion to dismiss.

As stated previously, in order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Ngo*, 548 U.S. at 86. This requires compliance with the administrative remedies procedure set forth by the prison. *Id.* at 90-91 (proper exhaustion requires complying "with an agency's deadlines and other critical procedural issues because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). Administrative Bulletin 05-03 was part of CDCR's inmate grievance system. CDCR's interpretation of that bulletin is reasonable. *See Andreas v. Yates*, No. 1:08-cv-01410-LJO-GBC (PC), 2011 WL 320307, at *2-3 (E.D. Cal. Jan. 28, 2011) (finding that plaintiff failed to exhaust when his appeal was screened-out on the ground that it combined disciplinary issue with staff-complaint issues). Thus, Plaintiff's December 30, 2007 grievance being screened out because Plaintiff complained of both a staff complaint and disciplinary issue was a proper response. Plaintiff was informed of how to correct his error in the screen-out letter, namely by filing separate grievances for his staff complaint and disciplinary complaint. No such grievances were filed. Accordingly, the Court finds that Plaintiff did not exhaust administrative remedies. The proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

///

///

///

///

4

**IV.    Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendants' motion to dismiss, filed May 10, 2011, should be GRANTED in full;

2.    This action be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and

3.    The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 29, 2011            /s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE